PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Ford Mustang struck a hole while he was traveling northbound on County Route 7 in Brooke County. County Route 7 is a road maintained by respondent. The Court *108 is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occunred during the evening on November 7, 2004. County Route 7, locally known as Cross Creek Road, is a two-lane highway at die area of the incident involved in this claim. Claimant testified that he was driving on County Route 7 when he saw the hole. He stated that he had seen the hole previously and had been able to avoid it on other occasions but he could not on this occasion because there was a vehicle approaching in the opposite lane. Claimant’s vehicle struck the hole sustaining damage to two tires. Claimant’s vehicle sustained damage totaling $385.24. Claimant’s insurance deductible was $100.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 7 at the site of claimant’s accident on the date in question. Mark Griffith, Assistant Superintendent for the respondent in Brooke County, testified that he first became aware of the condition of County Route 7 after claimant’s incident. Mr. Griffith stated that crews for respondent then went out and put warning signs up around the hole. Respondent maintains that it had no actual or constructive notice of any holes on County Route 7 prior to claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of tlie defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. A photograph in evidence depicts the area of road where claimant’s accident occurred and provides the Court an accurate portrayal of the size and location of the hole on County Route 7. The size of the hole and its location in the road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $100.00.
Award of $100.00